

**FILED**
*Sept. 24, 2015*
**Third Court of Appeals**
**Jeffrey D. Kyle**
**Clerk**

03-15-00438-CV

1117 Briargate
Austin, Texas 78753
512-773-2777
vwrencher@yahoo.com

September 24, 2015

Court of Appeals
Third District of Texas
PO Box 12547
Austin, Texas 78711-2547

**RECEIVED**

SEP 2 4 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

Dear Court of Appeals:

RE: C-1-CR-14-100040

This is my response to your letter dated September 17, 2015. My justification for this appeal is from the plain text of the statute stated below:

§ 822.0421. Determination That Dog Is Dangerous

(b) An owner, not later than the 15th day after the date the owner is notified that a dog owned by the owner is a dangerous dog, may appeal the determination of the animal control authority to a justice, county, or municipal court of competent jurisdiction. An owner may appeal the decision of the justice, county, or municipal court in the same manner as appeal for other cases from the justice, county, or municipal court.

As stated in my docket statement, I have a constitutional right to a fair trial. On March 19, 2014, an unfair administered hearing was held by Hearing Officer Brad Norton who allowed inadmissible evidence and testimony. This evidence and testimony dominated the hearing and his ruling. The relief sought is another hearing with only relevant evidence and testimony. The determination of that administrated hearing was done with inadmissible evidence and prejudices testimony from a person that was not at the allege incident. The only issue before that the hearing was did an allege attack occurred, but all the evident presented was from a dismissed claim between my dog and their dog and approximate all of the testimony was on that dismissed claim. The issue that was before the court only came up after their previous claim was

1

dismissed. This was my strongest evidence against the other side that their new claim was made up (a fairy tale). Against all of my objections and my Motion in limine, the administrative office let the hearing be dominated by the dismissed claim. It is my position that this was an error of the administrative hearing and only way to correct this error is another hearing barring the dismissed evidence and testimony. This is the only true way that I can get a fair trial in this case.

This is an appeal of a final order from an administrated hearing in Austin, Texas. Therefore Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) and Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) are not applicable to this case. In fact, this statute and ruling both backs the appeal step I am currently undergoing. The administrative office issued a final order on a hearing on the merits. The administrated hearing disposed of all parties and all claims pending in the case which made the order final. By disposing of all of the issues before it; it made the order appealable under Lehmann, 39 S.W.3d at 200. The administrative hearing order was appealed to the Municipal court which affirmed the previous order. This case was then appealed to the Travis County which refused to hear the case. Next this case is before you, Court of Appeals, Third District of Texas.

Sincerely,

Vincent Wrencher Sr, Pro se